Withee vs. Simon.

---

WITHEE, Appellant, vs. SIMON, imp., Respondent.

*September 9 — September 26, 1899.*

*Bills and notes: Issue as to genuinenesss of signature: Filing of affidavit at trial: Discretion.*

In an action upon a promissory note, where a defendant's answer denying the making of the note was not sufficiently specific, under sec. 4192, Stats. 1898, to put in issue the genuineness of his signature, it was within the discretion of the court, under secs. 2830, 2831, to permit him, on the trial, to raise that issue by filing the required affidavit, without granting a continuance thereupon asked for by plaintiff, no prejudice to the latter being shown.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The complaint stated, in substance, that January 4, 1896, plaintiff and others loaned to defendant Holbek $500 for a period of two months at eight per cent. interest per annum upon said Holbek's note indorsed by defendant *Simon;* that said note was renewed at its maturity, and the renewal note thus renewed, each of the notes being indorsed as before; that the third note was renewed for three months by a joint note of Holbek and *Simon,* which, upon maturity, was renewed by a like note, and that in turn likewise renewed, and that also renewed, the last note bearing date May 6, 1897; that plaintiff was then the lawful owner and holder of such note and of the claim for the original consideration for the transactions mentioned, and that there was then due to him thereon the sum of $500 with interest thereon at the rate of eight per cent. per annum from the date of such note, for which judgment was demanded. Defendant *Simon,* by answer duly verified, denied on information and belief the making, signing, indorsing, or execution by him of either of the alleged indorsed notes, and denied positively and of his own knowledge the facts alleged connecting him with the alleged joint notes.

On the trial *Simon* was permitted against objection to file an affidavit denying the signing by him of the alleged indorsed notes, whereupon plaintiff applied for a continuance, which was denied. No affidavit of prejudice, because of the ruling of the court on the application of defendant as aforesaid, was filed. All the notes mentioned in the complaint were received from Holbek by plaintiff, and purported to have been signed as alleged in the complaint, but no definite proof was produced to show that the signature of *Simon* was genuine. The only note produced on the trial was the last one. *Simon* testified that he never indorsed or signed any of the notes, and there was considerable expert evidence

all one way to the effect that what purported to be his signature was a forgery. There was no proof that any steps were taken to fix the liability of *Simon* as indorser upon any of the notes.

The court ruled that there could be no recovery in any event except on the last note, and submitted to the jury the question of the genuineness of what plaintiff claimed to be *Simon's* signature to such note. The verdict was against the plaintiff, and judgment was accordingly rendered in favor of *Simon*, whereupon plaintiff appealed.

For the appellant there was a brief by *Bleekman, Bloomingdale & Bergh*, and oral argument by *F. H. Bloomingdale* and *A. E. Bleekman*.

For the respondent there was a brief by *Winter, Esch & Winter*, and oral argument by *Frank Winter*.

MARSHALL, J. Several errors were assigned and argued at considerable length in the brief of counsel for appellant, to each of which respondent's counsel make reply, and in addition make a general claim that no proof was produced of the genuineness of the signature of respondent to any of the notes, and that the judgment is right on the undisputed evidence.

There is no question but that the burden of proof was on plaintiff to prove that *Simon* became a party to the notes, as the issues were finally made up for trial. It is contended, however, on the part of appellant, that the answer as to the indorsed notes was not in compliance with sec. 4192, Stats. 1898, under which signed or executed written instruments *prima facie* establish the genuineness. of the signature or execution in the absence of any specific denial by the person purporting to have executed or signed the same, of such signature or execution, by his affidavit or pleading, duly verified; and that the signature of *Simon* as to such indorsed notes was not in issue till respondent was permitted to com-

ply with such statute by filing an affidavit on the trial. The ruling on the application for leave to file such affidavit is the first assignment of error called to our attention.

It was clearly within the discretionary power of the court to allow the filing of the affidavit, saving the rights of plaintiff, however, from prejudice by reason of granting such favor. It is familiar to the profession that trial courts, under the statutes of this state and the established practice, have very broad power in such matters, and the exercise of it cannot be successfully called in question except for a clear abuse of judicial authority. Secs. 2830, 2831, Stats. 1898, clothe courts of record with express power, in further-ance of justice and on such terms as may be just, on the trial or at any stage of the action, either before or after judgment, to allow a party to correct a mistake of any character, with some exceptions not necessary to be noted here, without terms, even that of a continuance, no affidavit or proof be-ing presented or facts appearing showing injury to the ad-verse party. The genuineness of the signature of *Simon* to the last note being in issue, it is manifest that the changed situation did not require any other proof than that which was necessary on plaintiff's part to meet the issue raised as to the last note.

The complaint respecting the ruling putting appellant to his proof as to the genuineness of respondent's signature to the first three notes being disposed of, if a claim made by respondent that appellant failed to produce any satis-factory evidence on the question of such genuineness as to any of the notes be sustained by the record, the consider-ation of any other question will be unnecessary.

After a careful reading of all the evidence bearing on respondent's alleged connection with the notes, we are un-able to find where appellant produced any definite evidence on the question, while *Simon* testified distinctly and posi-tively that he did not sign either note as maker or indorser,

and that what purported to be his signature in every case was a forgery. That evidence was corroborated by five experts in handwriting, and other evidence. In fact the evidence is substantially all one way on the question, so that the motion which was made by respondent for a nonsuit before the case was submitted to the jury should have been granted, and if the verdict had been rendered for the appellant it would have been the plain duty of the court to have set it aside at once upon respondent's application therefor.

*By the Court.*— The judgment of the circuit court is affirmed.