WAGNER, by guardian *ad litem,* Appellant, vs. THE PLANO MANUFACTURING COMPANY, Respondent.

*March 20 — April 9, 1901.*

*Master and servant: Personal injuries: Negligence: Fellow-servant: Obvious danger: Failure to warn.*

1. Defendant's agent requested plaintiff, a boy fourteen years old, of ordinary health and intelligence, to assist him in putting trucks under a binder, and plaintiff was injured by the negligence of the agent in allowing the binder to tip over while plaintiff was so employed.   *Held,* that plaintiff and the agent were fellow-servants of

defendant, and that plaintiff was entitled to the same protection as any other servant of defendant of similar age and intelligence, and was subject to the same risks of injury from the negligence of a fellow-servant.

2. In such case the danger of the machine falling over, being one within the common knowledge of boys as well as men, was not such a danger as called for a warning from defendant's agent before setting plaintiff at work, and failure in that regard did not constitute negligence.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an action to recover for personal injuries. The facts appearing upon the trial were substantially as follows: In June, 1898, the plaintiff, who was a boy a little less than fourteen years of age, of ordinary health and intelligence, was living at Waukesha, with Valentine Imig, who was his stepfather, and is his guardian *ad litem* in this action. Imig was an agent for the defendant, *The Plano Manufacturing Company*, and in 1897 had sold a binder made by said company to a farmer in the vicinity, who was unable to pay for the same, and in 1898 the machine was taken back from the farmer by another agent of the defendant, who thereupon sold it to Imig, with an agreement that a new pair of trucks should be furnished with the machine. The machine was upon a farm near Waukesha, and the trucks were afterwards procured and an attempt was made by Imig to place them under the binder, but it appears that they would not fit. Thereupon Imig notified the general agent of the defendant at Fond du Lac of the fact that the trucks would not fit; whereupon the agent sent an expert, one Diebler, to Waukesha to fit the trucks to the machine. Diebler called on Imig, and learned what the difficulty was, and Imig sent the plaintiff with a horse and buggy to take Diebler out to the farm and show him the binder and the trucks, in order that Diebler might fit them together. On arriving at the farm where the binder and trucks were,

there being no other man to assist Diebler, he requested the plaintiff to assist him, and the plaintiff consented to do so. In this operation, Diebler first directed the boy to get a block to prop up the binder, which he did, and, the first block not being long enough, he procured another. Diebler thereupon lifted up the binder, and told the plaintiff how to place the block so as to prop it up, and the boy placed the block under the binder, but Diebler said it was not quite solid enough, so Diebler lifted up the binder again, and the plaintiff placed the block in a better position, and then Diebler said, "It's all right," and then took the tongue out of the machine, and threw it on the ground, and told the boy to hold onto the trucks. In doing this, the boy had to go in front of the binder, and sat down upon the ground. While so holding the trucks they slipped off in some manner, and Diebler came back and put the machine on again, and said to the boy, "Hold them good," and turned away again, and as he was turning away the pressure threw the machine forward, the block fell, and an iron rod projecting down from the machine penetrated the plaintiff's leg, inflicting quite serious injuries.

The plaintiff claims that Diebler was negligent in failing to warn the plaintiff of the danger of the machine falling over, and also in failing to properly block or prop up the machine. A verdict for the defendant was directed, and from judgment thereon the plaintiff appeals.

For the appellant there was a brief by *Armin & Waite*, and oral argument by *C. E. Armin*.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

WINSLOW, J. When the defendant's agent, Diebler, requested the plaintiff to assist him in the work of putting the binder upon the trucks, and the plaintiff consented to do so, the plaintiff became for the time being defendant's servant

to all intents and purposes, and a co-employee of the defend-
ant with Diebler, entitled to the same protection as any
other servant of the defendant of similar age and intelli-
gence, and subject to the same risks of injury from the
negligence of a fellow-servant. *Johnson v. Ashland W. Co.*
71 Wis. 553; *S. C.* 77 Wis. 51. If there was serious danger
and hazard in the work, which was not obvious, and which
a boy of plaintiff's age and intelligence would not be expected
to know, then he was entitled to be warned of *such* danger,
and the failure of Diebler to so warn him would constitute
negligence on the part of the defendant; for in this respect
Diebler was undoubtedly a vice principal. If, however,
there was no failure of duty in this respect, the subsequent
failure of Diebler to properly block the machine would be
simply the negligence of a co-employee, for which the defend-
ant would not be responsible. *Klochinski v. Shores L. Co.*
93 Wis. 417.

The question to be decided, therefore, is simply whether
the danger of the machine falling over was such a danger
as called for a warning on the part of Diebler before he set
the plaintiff at work.

Upon this question, it seems to us that the answer must
clearly be in the negative. The placing of a binder upon
its trucks is an operation of a similar character to many
operations which are continually going on upon a farm, and
in which boys of the age of the plaintiff are frequently
called upon to assist. The danger of the machine falling
over, if not properly blocked up, was patent to a boy of this
age as well as to a man. There is, of course, danger in any
operation involving the lifting and moving of heavy articles
which may lose their equilibrium, but this danger is one
within the common knowledge of boys as well as men. It
would not be reasonable to hold that a boy must be warned
that a heavy article may fall and hurt him, if not properly
supported, every time he is asked to assist in moving it.

Warning is not required against obvious dangers in ordinary operations which are matters of common knowledge to all. Bailey, Personal Injuries, § 2730. The boy received an unfortunate and serious injury, but we are unable to see that the defendant is responsible for it upon any principle of law.

*By the Court.*— Judgment affirmed.