THOMAS MURPHY, DEFENDANT IN ERROR, v. ROCKWELL ENGINEERING COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1903—Decided February 23, 1904.

The fact that an employer did not warn an adult employe of a risk which was naturally incident to the employment, will not render the former responsible to the workman for an injury received by him because of his ignorance of the risk, in the absence of evidence that the employer had notice of such ignorance.

On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Northrop & Griffiths.*

For the defendant, *Crouse & Perkins.*

The opinion of the court was delivered by

DIXON, J. The plaintiff, a laborer, about twenty-seven years of age, was employed (according to his own words) "to load and unload trucks, to run errands, and work around the shop and clean it up," the shop being a machine-shop. On one occasion he was directed by the foreman to clean a drill press. To do so, he took a piece of waste and was wiping the oil off the outside of the machine when cogwheels inside caught the waste and drew in it and his finger, causing the injury for which the suit was brought. The cogwheels were revolving within an upright column, about five inches from its outer surface, and in this surface, near the floor, was a hole about six inches long and five inches wide through which the waste was drawn. The plaintiff knew that the machine was in operation while he was cleaning it, but as it stood in a dark corner of the shop he failed to notice the hole. On this state of facts he contended that the em-

ployer was responsible, because it had not warned him of the danger. Adopting this view, the trial judge in the Hudson Circuit refused to nonsuit the plaintiff and the plaintiff obtained a verdict and judgment. The defendant, on exception duly taken, complains of that refusal.

It is not claimed by the plaintiff that the machine was in any respect out of order, and it is evident that the risk which he ran in cleaning the machine while he knew it was in motion was necessarily incident to his work. It sprang from a circumstance known to every one familiar with such machines and resulted in injury to the plaintiff only because of his ignorance. There is nothing in the case to indicate that the defendant or the foreman was aware of such ignorance. The question presented is therefore this: Must an employer assume, without actual notice, that an adult, employed as a laborer around machinery, is ignorant of the dangers naturally attendant upon his work, so that, if one of those dangers escapes the observation of the employe while engaged in a particular act and thus causes injury to him, the employer is responsible.

Under the authorities in this state there is no such obligation resting on the employer. By the contract of hiring the employe represents that he understands and assumes the ordinary risks of the service. In *Harrison* v. *Central Railroad Co.*, 2 *Vroom* 293, 298, Chief Justice Beasley said: "The only view consistent with reason is that the servant undertakes to bear the risks naturally attendant on the business he assumes." In *Foley* v. *Jersey City Electric Light Co.*, 25 *Id.* 411, 414, Justice Van Syckel stated the matter thus: "The immunity of the master rests upon the contract of hiring. The master says to the servant: 'You understand fully the nature of the employment and the dangers attending it; will you enter upon it?' The servant says: 'I accept it.' And the law implies that he accepts it with all the risks incident to it, without regard to the magnitude of the danger." Language to the same effect is found in *Electric Co.* v. *Kelly,* 28 *Id.* 100; *Conway* v. *Furst, Id.* 645; *Western Union*

*Telegraph Co.* v. *McMullen,* 29 *Id.* 155; *Johnson* v. *Devoe Snuff Co.,* 33 *Id.* 417; *Coyle* v. *Griffing Iron Co.,* 34 *Id.* 609; *Smith* v. *Erie Railroad Co.,* 38 *Id.* 636; *McDonald* v. *Standard Oil Co.,* 40 *Id.* 445.

A doctrine, limiting the adult workman's assumption of ordinary risks to such as his experience had taught him to anticipate, would cast upon the employer the duty of probing the previous life of every such employe and be utterly impracticable as a rule of responsibility. The law places upon every adult the duty of first ascertaining the nature of the occupation in which he proposes to engage and then determining for himself whether his experience is adequate for his security against the dangers ordinarily incident thereto. This duty rests upon him not only when he enters into employment but also at every stage of his service, requiring him to refuse to act in matters beyond the range of his experience or else to take the risk of the dangers naturally incident to his act. The employer cannot be held responsible for such dangers in the absence of notice that the experience of the workman was less than his contract implied.

The motion to nonsuit should have prevailed.

Let the judgment be reversed and a *venire de novo* issue.