O'CONNOR v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1905.)

No. 1,121.

1. MASTER AND SERVANT—DEATH OF SERVANT—RAILROADS—ACTIONS—DECLARATION.

Where, in an action for death of a railroad section hand while unloading a dump car, the declaration, though alleging that the service in which deceased was killed was without the service he had contracted to render, did not allege that defendant or its road master knew, or should have known, that deceased was inexperienced, of immature judgment, or ignorant of the dangers attending the service, it was demurrable.

2. SAME—FELLOW SERVANTS.

Where a railroad section hand was killed while working on a railroad dump car by the forcible striking of the car by the engine attached thereto caused by the negligence of those operating the engine, deceased and such operatives were fellow servants.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 500, 501.

Who are fellow servants, see note to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Flippin v. Kimball, 31 C. C. A. 286.]

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The suit is brought to recover damages for the death of Joseph O'Connor, occasioned, as is claimed, by the fault of the defendant in error. The declaration contains four counts. The facts asserted, which are common to all the counts, are substantially these: The deceased was in the service of the defendant in error as a workman on a section of its railway under the direction of a section foreman, and engaged in repairing the track and roadbed a short distance east of Galesburg. Ill. On September 4, 1902, the railway company brought to the place of the accident a gravel car of the character known as "The Roger Ballast Dump Car," from which gravel was discharged upon the track through an opening or chute in the floor of the car. This car, loaded with gravel and certain foreign substances in large lumps, was hauled to the place by a locomotive engine, and stood there, according to the allegation in some of the counts, coupled to the engine. In attempting to dump the gravel the lumps of foreign substance obstructed the opening, preventing the discharge of the gravel. The roadmaster thereupon directed the deceased to mount the car and to remove the obstructions in the opening or chute. He obeyed, and was engaged in that work when, according to the first count, he caused the obstruction which prevented the discharge of the gravel to be removed, whereby the gravel flowed from under him and out of the car, causing him to fall into the opening, and thereby caused his death. According to the other counts, while he was so engaged in removing the obstruction to the flow of the gravel, the locomotive engine was caused to move along the track and with great force to strike the gravel car, whereby the obstructions to the flow of the gravel were removed from the opening, and the gravel, passing from the car with great speed, caused the deceased to slide into the opening, and the gravel and the other substance to fall upon him, thereby causing his death. Each count contains the allegation that it was not the duty of the deceased to unload the gravel; that he had no experience in discharging such duty, and

was wholly unfamiliar with the danger attendant upon such service; that the roadmaster knew the employment to be dangerous, but failed to advise the deceased of the attendant danger.

A general demurrer was interposed to the declaration and was sustained; whereupon, the plaintiff below electing to stand by the declaration, there was judgment dismissing the suit. The present writ of error is sued out to review that ruling.

John F. Golden, for plaintiff in error.

Robert Dunlap, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge. The declaration in each count, while averring that the service in which the deceased came to his death was without the service he had contracted to render, and while asserting that he was ignorant of the attendant danger of the service he was ordered to perform, and that the roadmaster knew of the danger but failed to advise the deceased thereof, nowhere asserts that the defendant in error or its roadmaster knew, or had reason to believe, or by the exercise of reasonable care and observation could have known, that the deceased was inexperienced or of immature judgment, or of tender years, or ignorant of the attendant danger of the service to which he was ordered. In dealing with the facts pleaded, we are compelled to assume that the deceased was a man of mature judgment, of ordinary intelligence, and acquainted with the workings of the laws of nature which are of common observation. Assuming, then, that the roadmaster was a vice principal; that the deceased was temporarily withdrawn from the service he had engaged to perform; that he was directed to enter upon another and more dangerous service, with the perils of which he was unacquainted (if we are permitted to assume that he was ignorant of the law of gravity)—the question arises whether the declaration is sufficient without an allegation that the railway company or its roadmaster knew or had reasonable cause to believe that the deceased was ignorant of the dangers attendant upon the service to which he was ordered. This question is not a new one in this court. In Reed v. Stockmeyer, 74 Fed. 186, 20 C. C. A. 381, we held that the liability of a master in case of injury to his servant received in an employment outside of that for which he had engaged arises, not from the direction of the master to the servant to depart from the one service and engage in the other and more dangerous work, but from failure to give proper warning of the attendant danger in cases where the danger is not obvious, or where the servant is of immature years, or unable to comprehend the danger. This principle is sustained by abundant authority. In addition to the cases considered in our decision, we need only refer to the cases of Klochinski v. Shores Lumber Company, 93 Wis. 417, 67 N. W. 934; Murphy v. Rockwell Engineering Company (N. J. Sup.) 57 Atl. 444; Felton v. Girardy, 104 Fed. 127, 43 C. C. A. 439; Deisenrieter v. Kraus-Merkel Malting Company, 97 Wis. 279, 289, 72 N. W. 735; Sladky v. Marinette Lumber Company, 107 Wis. 250, 260, 83 N. W. 514;

Wagner v. The Plano Manufacturing Company, 110 Wis. 48, 85 N. W. 643.

So far as recovery is sought by reason of the forcible striking of the car by the engine, caused by the carelessness of those operating the engine, it is clear that the deceased was a fellow servant with the operator. Northern Pacific Railroad Company v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994; Martin v. Atchison, Topeka & Santa Fé Railroad Company, 166 U. S. 399, 17 Sup. Ct. 603, 41 L. Ed. 1051; Northern Pacific Railway Company v. Dixon, 194 U. S. 338, 24 Sup. Ct. 683, 48 L. Ed. 1161.

We need not consider the contention that the master, failing in duty to his servant, cannot avoid liability because the negligence of a fellow servant contributed in some degree to the injury, because we hold there is no apt allegation in this declaration showing failure of duty on the part of the master.

The judgment is affirmed.