Covelli, Respondent, vs. Cooper Underwear Company, Appellant.

*October 11—October 29, 1912.*

*Master and servant: Injury from dangerous machinery: Ignorance of risk: Failure to give warning: Negligence: Questions for jury.*

1. In an action for injuries sustained by an employee in a knit-goods factory, whose hand was caught by the teeth on a revolving cylinder in a "mixing picker" as he was attempting to remove clogging material from a spout through which the product of the machine was blown into another room, it is *held*, upon the evidence, that it was a question for the jury whether the plaintiff, considering his age, intelligence, and experience, ought in the exercise of ordinary care to have understood and appreciated the danger attending the performance of such duty.

2. It was also a question for the jury, upon the evidence, whether the master was negligent in failing to warn the plaintiff of the danger complained of and which caused the injury; and the trial court having refused to submit that question to the jury, the special verdict as found is not sufficient in law to sustain a judgment against the defendant.

3. A master cannot be held liable for an injury to his servant on the ground that he was negligent in not instructing or warning the servant as to a danger incident to the employment, unless he knew or ought to have known that such instruction or warning was necessary, *i. e.* that the servant was excusably ignorant of the risk.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries received by the plaintiff while employed by the defendant in operating a "mixing picker."

Cotton or wool, or both, are fed into the mixing picker, and, after being worked upon in the machine, the product is blown by air through a spout into a lint room. The cotton or wool, or the two mixed, are thus prepared for carding and spinning. For the purposes of this case the essential parts of the machine are the spout referred to and the "Doffer fan." The Doffer fan is a cylinder about eighteen inches in diameter, studded with straight steel teeth or pins about an inch in length, set two inches apart, and having attached strips of leather that operate as fans. When in operation the Doffer fan revolves very rapidly, the direction of the revolution being upward where the fan crosses the spout through which the lint is carried from the machine. The nearest part of the revolving teeth on the Doffer fan is twenty-five and one-half inches from the opening of the spout. The Doffer fan and the other operative parts of the machine are encased and hidden from the view of the operator.

The plaintiff is a laborer. He is a foreigner and could speak but little English. When injured he was between twenty-three and twenty-four years of age. Previous to the time when he came to work for the defendant, October 16, 1909, he had worked as a ditch digger and upon railroad work while in this country. Before immigrating to this country he resided and worked on a farm in Italy. For five weeks he worked for the defendant on a cotton-carding machine, feeding rough cotton into one side and pulling carded cotton from the other side. During this time he worked off and on for fifteen or twenty minutes at a time, for a total time of an hour or two, at a rag-picker machine, which stood in the same room as the mixing picker.

On November 22, 1909, the plaintiff was put at work on the mixing picker, feeding the material into the machine and keeping the spout clear.    He was shown how to feed and was directed to keep the spout clear, without, however, being shown and without inquiring how to stop the machine.    The cleaning of the spout was to be performed while the machine was in motion.    About five minutes after he had been left to operate the machine he went into the lint room, and, finding the spout clogged, he reached into the spout to clear it. His fingers were caught by the teeth of the Doffer fan, the ends of two of the fingers were chawed off and a third finger was broken, and as a consequence of the injury the plaintiff suffered from tetanus.

The defendant requested that the special verdict contain the following question:

"Was defendant guilty of any want of ordinary care in failing to inform plaintiff of the danger of reaching in too far into the spout, in order to clean out the spout, which want of ordinary care was the proximate cause of the injury?"

This request was refused.    Among others the following instruction was asked by the defendant and refused by the court:

"You are instructed that defendant was not guilty of any want of ordinary care in failing to inform plaintiff that it was dangerous to reach in too far into the spout in order to remove clogged material, unless defendant knew or ought to have known that such warning and instruction was necessary."

The jury returned a verdict finding that the defendant had not warned the plaintiff of the danger, that the failure to warn was the proximate cause of the injury, that the plaintiff, before the injury, did not understand the danger of reaching his arm and hand into the spout to remove the clogging material, that, considering the age, intelligence, and experience of the plaintiff, he ought not to have understood and ap-

preciated the danger, and that there was no contributory negligence on his part.

This is an appeal from the judgment in plaintiff's favor in accordance with the verdict.

For the appellant there was a brief by *Harper & McMynn,* and oral argument by *R. N. McMynn.*

*Robert Verne Baker,* for the respondent.

SIEBECKER, J.   The jury found that the defendant's foreman who set plaintiff at work at the mixing picker did not warn the plaintiff of the dangers incident to his duty of removing the clogging material from the spout while the machine was in motion, and that such failure to warn plaintiff was the proximate cause of plaintiff's injury.   The inquiry, "Ought the plaintiff, considering his age, intelligence, and experience, in the exercise of ordinary care, to have understood and appreciated . . . dangers attending placing his hand and arm too far in the spout in order to remove clogging material while the machine was running?" the jury answered in the negative.   It is well known that a master is not required to give warning of visible and obvious dangers to a servant who possesses the intelligence, understanding, and experience to comprehend and appreciate them.   The rule of liability was aptly stated in *Jones v. Florence M. Co.* 66 Wis. 268, 28 N. W. 207:

"We think it is now clearly settled that if a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do the work of such a dangerous character or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity, may fail to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers, unless he first give him such instructions or cautions as will

enable him to comprehend them, and do his work safely, with proper care on his part."

The evidence tends to show that the plaintiff was ignorant of the construction of the mixing picker, that he had very little, if any, knowledge of machinery and had had practically no experience in operating it, and that his experience in a factory was limited to the five weeks he had worked for the defendant before the accident. He testified that the defendant's foreman set him to operate this mixing picker without showing or explaining to him the parts, how the machine operated on the material, or the relation of the Doffer fan to the opening in the spout from which he was directed to clear the clogging material while the machine was in operation. A study of the facts in evidence has convinced us that it was a question for the jury as to whether or not the danger to the plaintiff in the performance of this duty was so obvious, and his knowledge, information, and experience in respect thereto so limited, as to render it necessary that the foreman who directed him to perform this service should have instructed him of such dangers before setting him at this work, and that the court properly submitted this question to the jury.

The contention is also made that the special verdict is insufficient to sustain the judgment in favor of the plaintiff in that there is no finding that the defendant was negligent in not warning the plaintiff of the dangers complained of and which caused the injury. The master's liability to his servant for failure to warn as alleged in this case rests upon the facts:

"(1) That the master was chargeable with knowledge, actual or constructive, of the existence of the risk. (2) That the servant himself did not appreciate the risk, and that his nonappreciation thereof was excusable. (3) That the master knew, or ought to have known, that the plaintiff was thus excusably ignorant of the risk, and was, by reason of such ignorance, exposed to an abnormal hazard, over and above those

which he was presumed to contemplate as incidents of the employment." 1 Labatt, Mast. & Serv. § 235.

The last proposition includes the principle that a master cannot be held liable in such a case unless he is charged with actual or constructive knowledge that the servant was excusably ignorant of the risk.

"Before an employer can be held liable for a failure to warn, there must be something to suggest to him that a warning is necessary. Unless this necessity was or ought to have been known to him, he is considered to be justified in acting upon the assumption that the servant understood the dangers to which he was exposed, and would take appropriate precautions to safeguard himself." 1 Labatt, Mast. & Serv. § 241.

"Failure to instruct or warn an employee as to risks and hazards attending the employment is not negligence, unless the employer knew, or ought to have known, that such warning and instruction was necessary." *Sladky v. Marinette L. Co.* 107 Wis. 250, 83 N. W. 514, approved in *Rahles v. J. Thompson & Sons Mfg. Co.* 137 Wis. 506, 118 N. W. 350, 119 N. W. 289.

The appellant brought this question to the attention of the court by a request that the question be incorporated in the special verdict, and by the following requested instruction:

"You are instructed that the defendant was not guilty of any want of ordinary care in failing to inform the plaintiff that it was dangerous to reach in too far into the spout in order to remove clogged material, unless defendant knew or ought to have known that such warning and instruction was necessary."

We are not clear from the state of the record whether or not the court, upon rejection of these requests, held that the evidence, as matter of law, showed that the defendant's foreman had actual or constructive knowledge that the plaintiff was excusably ignorant of the dangers complained of and incident to his employment. The state of the evidence is not sufficiently clear to show, as matter of law, that the defendant

was negligent in this respect.    The evidence is meager on the subject.    We find no direct evidence showing that anything was said on the subject by the parties at the time plaintiff was employed or afterwards.    Whether or not the defendant failed to exercise ordinary care at the time of engaging plaintiff, or before setting him to operate the mixing picker, to ascertain plaintiff's experience and knowledge, or whether or not, under the facts and circumstances, defendant ought to have known that he was excusably ignorant of the risk, were questions, under the evidence in the case, which should have been submitted for determination to the jury.    We are of opinion that the court erred in not submitting this issue to the jury for their decision, and that the verdict rendered is not sufficient in law to sustain a judgment against the defendant. This condition of the record, and the rights of the parties, call for a reversal of the judgment and a retrial of the case.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court for Kenosha county for a new trial.