Dahlke vs. Illinois Steel Co.

DAHLKE, Administrator, Appellant, vs. ILLINOIS STEEL COM-
PANY, Respondent.

*September 1 — September 20, 1898.*

*Master and servant: Negligence: Failure to instruct as to dangers: As-
sumption of risks: Fellow-servants.*

1. Failure of an employer to instruct an inexperienced employee in re-
gard to a particular danger of the employment does not constitute
actionable negligence unless it was reasonably to be apprehended
that the circumstances requisite to set that danger in motion might
probably occur.
2. The contract of employment, by implication, includes an assumption
by the employee of all the ordinary risks incident to the employ-
ment, such as the risk of a co-employee's failing to exercise ordi-
nary care.
3. An employer is not liable for the death of an employee caused by the
blowing off of the door of a stove connected with a blast furnace
while he was engaged in tightening a nut on such door, where there
was no danger in working at the door unless the blast was on, and
of the fact that it was on he was ignorant solely through the neg-
lect of a co-employee.
4. A stove-tender in a blast furnace was a fellow-servant of a common
laborer who, by direction of their common employer, was assisting
him and working under his direction in repairing the stove.

APPEAL from a judgment of the superior court of Milwau-
kee county: R. N. AUSTIN, Judge. *Affirmed.*

Action to recover damages for the death of plaintiff's in-
testate. The court nonsuited the plaintiff, and from the
judgment thereupon rendered he appealed.

The evidence tended to prove or conclusively established
the following facts aside from those requisite to the right to
maintain the suit if a liability existed: Defendant was the
owner and operator of an iron works in which there were
several blast furnaces, each operated in connection with three
cylindrical iron stoves designed to heat the air before it en-
tered the furnaces. In each stove near the bottom were two

doors held in place by bolts and nuts and packed with asbestos so they could be fastened airtight as occasion required. The operation of the stoves consisted in first heating the inside to a high temperature by the combustion of gas let in through a pipe inserted in a door opening, then closing the doors and all openings except the inlet through the blower and the outlet to the furnace, then turning on the blast, thereby forcing the air into the stove, creating such a pressure that in case of the loosening of a door it was liable to be blown off and fire escape through the door opening with fatal effects to any person that might be in the vicinity. It was not proper management of the stoves to tighten a nut on the door when the blast was on, because of the liability of the disturbance to break the bolt and cause the door to give way, setting in motion the danger before stated. Kilz was the employee of defendant who had charge of the stoves. On the day of the injury, deceased, Dahlke, and one Rendt were assisting Kilz by the direction of the common employer. Neither of such assistants knew of the danger of disturbing the stove doors when the blast was on. Dahlke had never engaged in such work before, but Rendt had considerable experience therein, having assisted Kilz on several other occasions. Both assistants were adults, but only common laborers. It was the duty of the assistants to work under the direction of the stove-tender, which they understood. Several of the doors were marked with chalk, which Dahlke knew indicated that they needed repairing. Kilz directed Rendt and the deceased to repair all such doors. Pursuant thereto, in the presence of Kilz, they repacked one of the doors of stove No. 1, the gas being burning in the stove at the time. Kilz then went away, but for what or where Rendt and deceased did not know. After fastening the door in stove No. 1, they went to stove No. 2 and repaired a door, then they returned to stove No. 1 to tighten its second door, which was marked, showing need of repair. In the mean-

time Kilz had turned on the blast, rendering it dangerous to work at the door, but Rendt and deceased did not know either that the blast was on or of the danger. While Rendt was in the act of tightening one of the nuts on the door the bolt broke and the pressure of air from the inside threw it off its fastenings, and the fire burst through the opening and so burned the deceased as to cause his death.

For the appellant there was a brief by *Christian Doerfler*, attorney, and *Timlin & Glicksman*, of counsel, and oral argument by *Mr. Doerfler* and *Mr. Nathan Glicksman*. They contended, *inter alia*, that the injury complained of was directly traceable to the failure to warn Dahlke of the extraordinary and concealed dangers attendant upon working about the doors of these stoves in case the blast was turned on. The exposure of a servant to a danger of this kind without giving proper notice or warning is negligence for which the master is answerable. *Ryan v. Los Angeles I. & C. S. Co.* 112 Cal. 244; *Fox v. Peninsular W. L. & C. Works*, 84 Mich. 676; *Smith v. Peninsular C. Works*, 60 id. 501; *McGowan v. La Plata M. & S. Co.* 9 Fed. Rep. 861; *Parkhurst v. Johnson*, 50 Mich. 70. See, also, *Jones v. Florence M. Co.* 66 Wis. 268; *Nadau v. White River L. Co.* 76 id. 120; *Verdelli v. Gray's Harbor C. Co.* 115 Cal. 517. The duty of warning or instructing as to extraordinary and latent dangers, to which the servant is exposed, is one that is incumbent, throughout the entire employment, on the master. The master cannot divest himself of responsibility by delegating the duty to some subordinate. *Carlson v. N. W. Tel. Exch. Co.* 63 Minn. 428; *Fox v. Spring Lake I. Co.* 89 Mich. 387; *Klochinski v. Shores L. Co.* 93 Wis. 417; *McMahon v. Ida M. Co.* 95 id. 308. The negligence of a fellow-servant, to relieve the defendant of liability, must be not only the cause of the injury, but the sole cause, independent of any negligence of the master. *Sherman v. Menominee River L. Co.* 72 Wis. 122; *Stetler v. C. & N. W. R. Co.* 46 id. 497, 510; *Delude v.*

*St. Paul City R. Co.* 55 Minn. 63; *Franklin v. W. & St. P. R. Co.* 37 id. 409; *Craven v. Smith,* 89 Wis. 119; *Cowan v. C., M. & St. P. R. Co.* 80 id. 284. See, especially, *Jones v. Florence M. Co.* 66 Wis. 268, 283.

For the respondent there was a brief by *Van Dyke & Van Dyke & Carter,* and oral argument by *W. E. Carter.* They argued, among other things, that Kilz was the fellow-servant of the deceased. *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338; *Johnson v. Ashland W. Co.* 77 id. 51; *Howland v. M., L. S. & W. R. Co.* 54 id. 226; *Dwyer v. Am. Exp. Co.* 82 id. 307; *Peffer v. Cutler,* 83 id. 281; *Stutz v. Armour,* 84 id. 623; *Kliegel v. W. & V. Mfg. Co.* 84 id. 148; *Hartford v. N. P. R. Co.* 91 id. 374. The deceased's action in going back to stove No. 1 after he had been set to work by Kilz on stove No. 2 was an act which the defendant could not possibly have anticipated that he would do, and for the consequences of which it is, therefore, not liable. *Huber v. La Crosse City R. Co.* 92 Wis. 636; *Block v. Milwaukee St. R. Co.* 89 id. 378; *Atkinson v. Goodrich Transp. Co.* 60 id. 141, 164; *Barton v. Pepin Co. Agr. Soc.* 83 id. 19; *McGowan v. C. & N. W. R. Co.* 91 id. 147; *Deisenrieter v. Kraus-Merkel M. Co.* 92 id. 164; *Klatt v. N. C. Foster L. Co.* id. 622.

MARSHALL, J.   Was there any evidence, on the most favorable view that can reasonably be taken of it, to establish actionable negligence ?   Appellant supports the affirmative of that proposition by arguing that the danger of working at the stove when the blast was on was unknown to the deceased or to his fellow laborer, Rendt, hence they should have been informed of it by the master, and that the failure so to do, resulting in the injury of the deceased, renders the master liable.   Granted that the danger existed, yet it does not follow there was a duty to instruct in regard to it, unless it was reasonably to be apprehended that the circumstances requisite to set that danger in motion might probably occur,

and we are unable to perceive anything in the evidence to establish that element.

The duty to instruct does not go so far as to require the master to acquaint the employee with every possible danger to which he may be subjected in the course of his employment. The master has a right to assume that the servant will see and appreciate those dangers which are open and obvious to a person of ordinary comprehension; also that other servants associated with him in the common employment will exercise ordinary skill and prudence; also that tools which are furnished will not be so used as to be unreasonably or unusually dangerous, and that a place which is reasonably safe will not be made unsafe by the improper conduct of those who are required to work there, or their fellow-servants; and as to all such matters the employee assumes the dangers as a part of his contract of employment. Such contract, by implication, includes an assumption of all the ordinary risks incident to the employment, such as the risk of a co-employee's failing to exercise ordinary care and prudence.

In view of the foregoing elementary principles, it is important to inquire as to the real moving cause of the deceased being subjected to the danger which caused his injury.

There was no trouble about the stove apart from the doors needing ordinary repairs, with which Rendt was familiar, and which he and the deceased were engaged in making when the accident occurred. The operation of tightening the nuts on the door bolts was conducted properly so far as appears, except that it was not proper to do the work when the blast was on, but of that the testimony shows Rendt had no knowledge. It was the duty of the deceased and Rendt to assist Kilz, who was the foreman, and to follow his directions. They were performing their duty in that respect, at least there is evidence to establish that fact. Rendt testified, in substance, that he was sent to help Kilz; that when

the doors needed repairing it was customary to mark them with chalk to indicate that fact; that he was instructed by Kilz to fix all doors that were marked, and that he was engaged in carrying out those instructions when the accident occurred. If Rendt knew it was dangerous to disturb the door when the blast was on, that does not appear to be material, because he testified that he did not know the blast was on; that when he fixed the first door in the stove the blast was not on, but that between the time he left that stove and the time he returned to fix the second door, Kilz, without his knowledge, turned on the blast. So, in any view of the evidence, the negligence which resulted in the accident was that of Kilz and him alone. The relation between him and the deceased was clearly that of fellow-servants. In the absence of negligence either in the employment or retention of Kilz, his negligent act cannot reach back to the common employer as the producing cause of the accident, and there is no evidence in the case tending in the remotest degree to show any such negligence.

The trial court was clearly right in taking the case from the jury.

*By the Court.*— The judgment of the superior court is affirmed.