JOHANSON, Respondent, vs. WEBSTER MANUFACTURING COMPANY, Appellant.

*April 1—April 20, 1909.*

*Master and servant: Injuries to servant: Negligence: Rules and regulations governing conduct of servants: Evidence: Elements of negligence: Contributory negligence: Assumption of risk: Printed case: Costs.*

1. In an action by a servant against the master, where the negligence found was failure to promulgate regulations, in the absence of evidence that such failure was efficient to cause the injury a finding that such failure was the proximate cause of the injury is based only upon mere conjecture or guess and is unauthorized.

2. Negligence in law is not mere carelessness, but is careless conduct under such circumstances that an ordinarily prudent person would anticipate some injury to another as a reasonably probable result thereof.

3. Where, in an action for injuries to a servant, the evidence showed that the servant was responsible for scattering benzine on the floor of the work room and that the injury followed its ignition, if a finding by the jury that the master was negligent in permitting the place to become unsafe is allowed to stand, the servant must be deemed guilty of contributory negligence as matter ·of law.

4. An adult servant assumes all the risks of the employment which are obvious to a person of ordinary intelligence and prudence.

5. The duty of a master to warn a servant of hidden dangers or those of which the servant may be supposed to be ignorant arises only where the master has some reason to believe the servant is ignorant of the danger and needs to be warned.

6. In the case of an adult servant of apparent usual intelligence the master may assume that the servant has the knowledge common to the great mass of mankind unless informed to the contrary, and in such case is not negligent in failing to specially instruct or warn.

7. A woman of middle age, for at least seven years employed in mechanic arts, principally in the mixing and use of paints, and evincing ordinary intelligence and capacity, is presumed to know the inflammability of benzine, and the master is not negligent in failing to warn her of the inflammability of that material. The fact that she was of foreign birth and did not speak English much does not suggest want of intelligence.

8. Printing the case without abridgment of the evidence necessary to present the questions for decision is a violation of Supreme Court Rule 6, and no costs therefor can be recovered.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Action for personal injuries. The evidence tended to show that plaintiff, a woman of ordinary intelligence, thirty-seven years of age, had been at work for the defendant for a period of seven years, with some intervals, at painting chairs in a room where several other men and women were engaged in similar work. Benzine was used copiously in the process. A closed tank or barrel thereof was located in one corner of the room from which the operatives were accustomed to fill open pails which stood in different parts of the room; the benzine being used to thin the paint, wash brushes and also the hands of the operatives, as they needed, and was continuously being spilled in greater or less quantities about the room. The day of the injury complained of plaintiff had filled a pail situated near her place of work, and at evening, just before 6 o'clock, she had been washing her hands at that pail, and benzine was scattered about on the floor. As

plaintiff was drying her hands, a fire suddenly started at her feet and flamed up, ignited her clothing and burned her severely.   She gave somewhat vague testimony of a sound resembling the scratching of a match under or near her foot at the moment the flames started.   There was no rule against the employees having matches in their possession, nor evidence that any of them ever did so.   There was a rule prohibiting smoking on the premises, which was, so far as appears, uniformly obeyed.   Plaintiff professed entire ignorance as to inflammability of benzine.   The jury found a special verdict: (1) Plaintiff was injured as she claims. (2) Defendant did not exercise ordinary care in the way of furnishing plaintiff a safe place in which to work, considering the character of the work.   (3) Such want of ordinary care was the proximate cause of the accident.   (4) Ordinary care required defendant to promulgate among its employees a rule or regulation forbidding the taking of matches within the premises in question.   (5) It was lack of ordinary care not to do so and was proximate cause of the accident.   (6) The fire was caused by plaintiff's stepping upon and igniting the match.   (7) Plaintiff was not chargeable with contributory negligence.

For the appellant there was a brief by *Solon L. Perrin* and *Horatio V. Gard,* and oral argument by *Mr. Perrin.*

For the respondent there was a brief by *Frank A. Koss* and *Heino & Gran,* and oral argument by *Mr. Ross.*

DODGE, J.   The judgment is claimed to be supported by either of two phases of negligence found by the special verdict, namely, failure to promulgate regulations against possession of matches by employees in the painting room and failure to provide safe place to work.   The first of these requires very little attention, because, whether negligent or not, there is not the slightest evidence of its efficacy in causing the injury.   Even if it be conceded that a match was on the floor

and ignited, there is no evidence that any employee brought it or that such rule as contended for would have prevented it. The finding by answer 5 of the special verdict that this omission of rule was the proximate cause of injury could have been based only on mere conjecture or guess and therefore cannot stand. *Spencer v. C., M. & St. P. R. Co.* 105 Wis. 311, 313, 81 N. W. 407; *Gagan v. Janesville,* 106 Wis. 662, 665, 82 N. W. 558; *Dapper v. Milwaukee,* 107 Wis. 88, 92, 82 N. W. 725; *Musbach v. Wis. C. Co.* 108 Wis. 57, 69, 84 N. W. 36.

The remaining support for the judgment is, of course, merely negligence. The original place of labor is not claimed or shown to have been unsafe, but merely that it subsequently became unsafe by reason of the permitted presence of benzine. This could impose liability on the employer only in case its conduct constituted negligence. *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48. Negligence in law is not mere carelessness, but is careless conduct under such circumstances that an ordinarily prudent person would anticipate some injury to another as a reasonably probable result thereof. *Compty v. C. H. Starke D. & D. Co.* 129 Wis. 622, 625, 109 N. W. 650. Now, if the act of permitting employees to scatter benzine promiscuously about the workroom is negligence as above defined, what can be said of the act of the employee who in fact scatters it? Is the latter act any less careless than the former or any less likely to cause injury within the anticipation of an ordinarily prudent person? Surely not. But the evidence is undisputed that the presence of benzine at the place of ignition occurred by plaintiff's own act, that she brought it in an open vessel from the storage barrel, and that she was responsible for scattering it about and onto the floor. In other words, that she voluntarily did the specific act which defendant at most merely tacitly permitted. No theory is conceivable upon which an affirmative answer to the fifth question and a

negative one to the seventh (contributory negligence) can stand together. But both are essential to charge defendant with liability. Defendant must have been negligent and plaintiff not, or she cannot recover. Further, plaintiff assumed all risks of her employment obvious to a person of ordinary prudence and intelligence. *Dugal v. Chippewa Falls,* 101 Wis. 533, 77 N. W. 878; *Sladky v. Marinette L. Co.* 107 Wis. 250, 261, 83 N. W. 514; *Faber v. C. Reiss C. Co.* 124 Wis. 554, 559, 102 N. W. 1049. True, this is subject to the exception that the master owes the duty to warn an employee of hidden dangers or those of which the latter may be supposed to be ignorant. This duty arises, however, only when the employer has some reason to believe that the employee is ignorant of the danger and needs to be warned. In case of an adult of apparent usual intelligence the employer may assume that she has the knowledge common to the great mass of mankind unless informed to the contrary, and in such case is not negligent in failing to specially instruct or warn. *Dahlke v. Ill. S. Co.* 100 Wis. 431, 76 N. W. 362; *Sladky v. Marinette L. Co.* 107 Wis. 250, 261, 83 N. W. 514. No fact is shown by the evidence to arouse this duty in the instant case. Inflammability of benzine in presence of a spark or flame is matter of common knowledge, undoubtedly within the contemplation and anticipation of the mass of mankind and of the ordinarily prudent and intelligent person. Plaintiff was a woman of middle age, for at least seven years employed in mechanic arts, principally in the mixing and use of paints, and evincing ordinary intelligence and capacity. True, as her counsel urges, she was of foreign birth and did not speak English much, but this fact did not suggest want of intelligence. Common sense is not peculiar to English-speaking people. We are convinced that, if the finding of defendant's negligence in permitting the place to become and be unsafe is allowed to stand, the plaintiff must be deemed guilty of contributory negligence

as matter of law, and the answer to the seventh question should have been changed to the affirmative.

The printed case is in very glaring defiance of Supreme Court Rule 6, requiring it to be merely an abridgment of what is necessary to present questions for decision. Counsel have attempted no abridgment of the evidence, but apparently have printed in full the reporter's minutes, including not only questions and answers, with needless repetitions, but even the testimony as to the extent of plaintiff's injuries, which is in no wise relevant to questions raised on the appeal. Counsel owe the duty of relieving this court from the burden of perusing immaterial matter to at least the extent suggested by this rule. Costs for printing a case thus failing to comply are forbidden by Supreme Court Rule 44.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action: no costs to be taxed for printing case.