LANGE, by guardian *ad litem,* Respondent, vs. KIECKHEFER
Box COMPANY, Appellant.

*November 16—December 5, 1911.*

*Master and servant: Injury from unguarded knives in planer: Neg-
ligence: Warning of danger: Minors.*

> In an action for injuries to a minor employee in a box factory,
> caused by his hand accidentally coming in contact with the
> revolving knives in a planing machine which he was passing,
> the evidence—showing, among other things, that a box had
> been provided to cover the knives at all times when the ma-
> chine was not in use, and not showing knowledge on defend-
> ant's part that the knives were ever left uncovered except when
> the machine was being operated—is *held* insufficient to charge
> defendant with negligence either in leaving the machine un-
> covered or in failing to warn plaintiff of the danger.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge.    *Reversed.*

This action was brought to recover for personal injuries al-
leged to have been sustained by plaintiff, a minor under fif-
teen years of age.    There was a verdict and judgment for the
plaintiff and defendant appealed.

The complaint charges that the plaintiff was a minor, and
while in the employ of the defendant lost the ends of his
third and fourth fingers on his left hand by having his hand
come in contact with the knives of a planer while he was pass-
ing along an alley or aisle next to the planer; that the planer
had an iron bed about five feet long and three feet wide, the
surface of which was about three and one-half feet above the
floor; that a set of knives was caused to revolve in a slot in
said table bed, and that the bed could be raised or lowered so
as to cause the knives to project more or less, or not at all,
above the surface of the bed; that the knives revolved so rap-
idly as to be invisible; that said knives were dangerous to per-
sons passing the machine; that said knives, except when the

machine was at a standstill or was being operated, were at all times guarded or protected, either by means of a box or cover, or by raising the bed of the machine above the knives; that plaintiff was required to pass along said alleyway, which was about three feet wide, and had to pass close to the machine; that while passing he accidentally came against the machine and his left hand, unknowingly and inadvertently, came against the revolving knives; that the machine was running, but was not being operated, and there was no guard over the knives, which knives projected slightly above the surface of the bed; that plaintiff did not know the knives were revolving, and prior to his injury had never seen the knives in said machine uncovered or unprotected, and had never been warned of the knives.

The negligence charged was that defendant failed to properly cover and guard the knives and failed to warn plaintiff of the danger. The usual motions and exceptions were made and filed and various errors assigned, which, in so far as they are necessary to the determination of this appeal, will be considered.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Rubin & Lehr,* attorneys, and *W. B. Rubin,* of counsel, and oral argument by *W. B. Rubin.*

KERWIN, J.   The facts in this case are substantially undisputed. The testimony shows that the plaintiff was fourteen years and nine months of age; that he commenced work for the defendant February 22d and continued until the time of the injury, March 19, 1909; that he worked at "taking off" from a rip saw, which work consisted in taking sticks from the rip saw after being sawed, placing them upon a truck, and pushing them to the elevator; that the factory building in which plaintiff worked runs north and south; that the rip

saw was in the north end, the toilet room in the south; that in going from the machine where plaintiff worked to the toilet room he passed along an alley beside the planer or jointer which caused his injury, which planer was four or five feet from the rip saw; that plaintiff was not told that there were knives in the planer. He testified that in walking along the alley beside the planer he got his fingers in the knives and the ends of two were cut off; that he was facing the machine when the injury occurred; that he walked as he usually did; that there was a truck in the alley, and just room for him to pass between it and the machine; that he did not know whether there was any one working at the machine at the time or not—did not see any one and did not know that the machine was running; that he first learned there were knives in the machine three or four weeks after the accident when he went with his father to look at it; that from February 22d to March 19th, six days in the week, he worked within four or five feet of the machine and never saw the box over the knives. He also testified that he did see the box over the knives, and also that he could not see the machine because of a post near by; that he passed by the planer every day at least twice a day and never saw any knives and never saw the machine standing still—it was always running when he looked at it; that he walked within a foot or two of the planer every time he passed; that sometimes he saw the box on the machine when the machine was running and no one using it; that sometimes he did not see the box and did not know what it was for, and never saw the box off the machine when no one was using it and it was running; that from his position at the rip saw he could not tell whether any one was working at the planer or not, and could not see when he walked by the machine whether there was a man working at it or not; that he never saw any one working at it during the time he was there, but saw the box "laying around there;" that when the box was off he did not notice whether the machine was run-

ning or not; that it might have been standing still; that when injured he got his fingers on the top of the planer table where the knives were; that the reason he got on the knives at the time of the injury was because "I did not think about that machine;" that if he had thought about it and noticed the machine there was no reason why he could not have kept his hands away from it. He also testified in his deposition under sec. 4096, Stats. (Laws of 1909, ch. 84), that the day he was injured was the first time he had ever seen the machine with the box off the knives when it was not being operated, and that it was always guarded on other days when he went past. The evidence further shows that the table or bed of the machine was two feet eleven inches from the floor and the top of the table about on a line with plaintiff's hip; that the knives were seven or eight inches from the outside edge of the table. No witness was sworn on behalf of the plaintiff except himself, and only one witness, the superintendent, was sworn on behalf of the defendant, who testified that before March 19th a box ten by twelve inches and four inches high was kept at the planer to cover the knives; that his instructions to the operators of the machine were to keep the box over the knives when the machine was not in use, and that before the accident he had never learned that the machine had been left running with the knives uncovered; that he had never seen the machine without the box over the knives, except when in operation; that if the operator of the planer had occasion to step away a minute or two to get stock or move a truck he would not be expected to put the box over the knives; that he never knew a man to leave the machine without putting the box over the knives, but he might walk ten or twelve feet from the machine to a truck without doing so; that he went about the factory every two hours and made inspection. The evidence of the superintendent is uncontradicted.

The main contentions of counsel for appellant are (1) that the complaint does not state a cause of action; (2) that no

negligence of defendant is shown; and (3) that the plaintiff was guilty of contributory negligence as matter of law, therefore the motion for directed verdict should have been granted. The credibility and consistency of plaintiff's evidence is strenuously attacked, and it is argued that it conclusively appears that the plaintiff was guilty of contributory negligence upon the undisputed evidence.

We shall not pass upon that question because the court is of opinion that no negligence of defendant was shown. The allegations of the complaint are "that said knives could be, and generally are, guarded and protected while said machine is not in use, by means of a box placed over the niche in which said knives revolve, which device is in general use. . . . That excepting when said machine was at a standstill, or when said machine was being operated, the knives in said machine were at all times guarded and protected, either by means of said box, or by raising said table above the knives, as hereinbefore described, and that said planing machine and its said knives could be, and generally are, guarded and protected when said machine is in use, and while operated. . . ."

The evidence is in harmony with the allegations of the complaint. The evidence of the plaintiff and the superintendent has been heretofore referred to. There is no showing sufficient to charge the defendant with knowledge that the knives were ever left uncovered when the machine was not being operated. Admitting the plaintiff's evidence to be true and construing it in the light most favorable to plaintiff, it is extremely doubtful whether it establishes the fact that the machine was not being operated when the plaintiff was injured and that the operator had stepped aside for a moment in the discharge of his duties. But in any event it is clear that there is no evidence sufficient to charge the defendant with negligence in leaving the machine uncovered, nor is there allegation or proof of incompetency of the operator of the machine or any employee of defendant.

It is insisted by respondent that defendant should have warned plaintiff of the danger. But it is clear from the evidence that defendant owed no duty to plaintiff to warn. Plaintiff was not operating the machine. He merely passed by it in going along the alley. The master provided for the protection of all persons passing by it or coming in contact with it. From the evidence in the case it is clear that the defendant owed no duty to warn plaintiff of the danger. *Dahlke v. Ill. S. Co.* 100 Wis. 431, 76 N. W. 362; *Fleming v. Northern T. P. Mill,* 135 Wis. 157, 114 N. W. 841; *Sladky v. Marinette L. Co.* 107 Wis. 250, 83 N. W. 514.

We are of opinion that upon the undisputed evidence no case was made and that a verdict should have been directed for the defendant.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to dismiss the complaint.