| 13 | 611 |
| 93 | 464 |

NORTON vs. THE SUPERVISORS OF ROCK COUNTY.

Where a tax sale is void, the county is liable to the *holder* of the certificate issued on such sale, for the amount paid, with interest.

The statute makes it the duty of the treasurer to refund the money in such case, on demand, to the purchaser or his assigns; but the liability of the county does not depend upon this statute, and whatever remedy it gives is cumulative to the right of action for money had and received, which may be sustained after the claim has been presented to the board and they have neglected to act upon it, without making any previous demand of the treasurer.

The board of supervisors is the proper defendant in such a suit.

APPEAL from the Circuit Court for *Rock* County.

*J. A. Sleeper*, for appellant:

1.  The payment of money by the plaintiff into the county treasury, upon a void contract of sale, created, *eo instanti*, a liability on the part of the county for the payment of the same.  12 Pick., 7; 4 id., 361; 5 id., 498; 4 Met., 181; 5 id., 73; 17 Mass., 461.  2. The statute by its terms renders the county liable, by declaring that the treasurer shall refund the money with interest out of the county treasury.  3. The board of supervisors having refused to allow the plaintiff's legal demand against the county, he has a right of action against them.  R. S., chap. 14, sec. 43.  4. The plaintiff's proper remedy was not by *mandamus* against the county treasurer.  (1.) A *mandamus* would not lie unless we could show that the money was in the treasury otherwise unappropriated.  (2.) Nor would it lie unless the plaintiff had a clear legal right to the money out of the county treasury, or in other words, unless he had a clear legal right to demand payment from the county; but in that case he had a right of action against the county.  (3.) *Mandamus* will not lie when there is any other adequate remedy.  1 Kern., 563; 10 Johns., 484; 2 Cow., 444; 23 Wend., 458; 2 Hill, 45, 367; 5 id., 616; 6 id., 243, 245.

*I. C. Sloan*, for respondent:

1.  Where the certificate of tax sales is invalid, because of irregularity in the tax proceedings, the purchaser cannot, in the absence of any statute authorizing it, maintain an action to recover back the money paid.  The lands being sold in pursuance of a public law, and all the proceedings being matters of record, the purchasers buy with constructive notice and take the title at their own risk.  3 Johns. Ch., 344. This principle, which is recognized as to all judicial sales, applies with peculiar force to tax sales.  *Moore vs. Brown*, 11 How. (U. S.), 414.  The cases cited by appellant's counsel as to this point, are cases where an action was brought by the person against whom the illegal tax was assessed, to recover the tax he had paid, and do not apply to a voluntary bidder at a tax sale.  2. To give the plaintiff a right of action under the statute (R. S. 1849, chap. 18, sec. 10), the clerk of the board of supervisors must have refused to deed, and the plaintiff must have presented the certificate to the

county treasurer and demanded the amount to which he was entitled. It is only where deeds have actually been issued, that the supervisors are authorized to issue orders upon the treasury on account of illegal taxes.

*By the Court*, PAINE, J. This action was brought to re- cover of *Rock* county the amount of certain tax certificates, the sales on which they were issued having been void. The complaint avers that the plaintiff was the owner of the certificate, but does not show whether he was the original purchaser or only an assignee. It also avers that the claim has been duly presented to the board, and that they had neglected and refused to act on it.

Of the plaintiff's right to have the money back, there is no question. The statute expressly provides that in all such cases the county treasurer shall refund the money, with interest, to the purchaser or his assigns. Sec. 110, chap. 15, R. S. 1849, re-enacted in the Laws of 1859, chap. 22, sec. 26. We think the same result would follow without any statute, by an application of the general principle, that money paid for a consideration which fails may be recovered back. The counsel for the respondent contended that it was analogous to a sale on execution, where the judgment debtor's title to the land sold failed. He said the purchaser in such case buys at his own risk, and if the judgment debtor had no title, still the purchase money could not be recovered back. But we think the two cases are entirely different. In the execution sale the purchaser bargains for the interest of the judgment debtor in the land. He understands before hand that he is to ascertain at his own risk what that interest is, and what is its value. If the sale conveys to him that interest, there is no ground upon which he could recover back his money, even though the interest should prove less than he expected, or nothing at all, because by the very terms of the contract he took that risk. But in the case of the tax sale, it is not the title in the land that fails, but it is the authority to make any sale at all. It would be analogous to an execution sale, where there was no judgment or execution. And we do not understand that in such a case the

purchaser could not recover back his money. On the contrary, it would seem clear that he ought to, where there was a mutual mistake as to the facts of there being a judgment and an execution. And the same is true of a tax sale, where there is no authority to make it. And it ought not to be said, even in the absence of any statute upon the subject, that in such cases the purchaser takes the risk of there being an authority to sell. It might be prudent for him to examine into that matter for his own safety. But we do not think he is bound to do so at the risk of losing his money. On the contrary, when the proper officers offer to sell land for taxes or on execution, he may assume that they have authority, and if they have not, may recover his money. The statute, therefore, which places the matter beyond doubt, so far as tax sales are concerned, has only embodied in express terms that which would have resulted without it, from an application of general principles to the subject.

But we have had some doubt whether the right to proceed as for money had and received would not be confined to the original purchaser. If A should sell a horse to B, and B should sell him to C, and the title should fail, could C sue A for the money paid by B ? Or would he have to sue B, and let B resort to his vendor? So if the county sells land to A for taxes, and A assigns the certificate to B, does that assignment transfer to B the claim of A against the county for the money paid, in case the tax sale was void ? If there were no statute on the subject, it might be necessary to determine these questions, in order to settle whether it was not necessary for the complaint to state in what manner the plaintiff acquired these certificates. But however they might be answered without the statute, we have come to the conclusion, that in view of its provisions, an assignment of such a certificate must be held to transfer to the assignee the right to recover back the money paid by the purchaser, in case the sale was void. The law expressly says that the money shall be refunded to the purchaser or his assigns. And the parties, in making an assignment under such a law, must be presumed to have meant to transfer this right, as an incident to the ownership of the certificate.

We think, therefore, that the money received by the county on void tax sales, must be held to have been received for the use of the holder of the certificate, whether he be the original purchaser or an assignee, and that it was sufficient for the complaint to allege that the plaintiff was the owner.

The counsel for the respondent further claimed that the complaint should show that the money was demanded of the treasurer before this action was commenced. This position was based upon the statute, which makes it the duty of the treasurer to refund the money on demand. Perhaps it would be correct if the entire right of the plaintiff depended on the statute. But we do not think it does. On the contrary, it grows out of the fact that the county has received money of the plaintiff on a pretended sale which it had no authority to make. The statute neither originated nor destroyed the right of action, but only furnished an additional remedy by making it the duty of the treasurer to pay without any action. Whatever remedy the party might be entitled to under this provision, by *mandamus* or otherwise, we think it was cumulative and not exclusive.

We think also that the county is the proper party to the suit. If the tax sale was valid, it is entitled to retain the money. If void, its treasury must refund it. It is really the party in interest, and the proper party to the suit.

The order sustaining the demurrer to the complaint is reversed, with costs, and the cause remanded for further proceedings.