PIER, Respondent, vs. ONEIDA COUNTY, Appellant.

*May 6 — May 22, 1896.*

93    463|
102    340|
93        463
e114    ¹624

*Tax certificates: Invalidity: Irregularities: Right to have money refunded: Presentation of claim: Appeal from disallowance.*

1. Tax certificates are invalid where the delinquent tax returns made by the town treasurer were not signed, no affidavit of posting the notices of the tax sale was made and filed as required by secs. 1132, 1141, R. S., and no statement containing a description of the lands sold was deposited in the county clerk's office as required by sec. 1141.

2. A claim against a county under sec. 1184, R. S., for the refunding of money paid for invalid tax certificates is a cause of action upon which the only relief demandable is the payment of money, and must therefore first be presented to the county board for allowance (sec. 676), and if it is disallowed the only remedy is by appeal (secs. 682, 683).

3. The holder of invalid tax certificates is entitled, under sec. 1184, R. S., to have his money refunded by the county, even though their invalidity is the result of mere irregularities not affecting the groundwork of the tax and the original owner can defeat the tax title only by payment of the amount which it cost with interest.

APPEAL from a judgment of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

The plaintiff purchased of the defendant county certain tax certificates of the tax sale of 1894 for the delinquent taxes of 1893. In November, 1894, she filed a claim with the county clerk for the return of the money paid by her for such certificates, on the ground that the certificates were invalid by reason of irregularities in the proceedings, which irregularities were set forth at length. The claim was disallowed by the county board, and the plaintiff appealed. Upon the trial in the circuit court, the certificates were brought into court, and it appeared (1) that the delinquent tax returns made by the town treasurers were not signed;

(2) that no affidavit of posting the notices of the tax sale was made and filed in the county clerk's office, as required by secs. 1132, 1141, R. S.; (3) that no statement containing a description of the lands sold, as required by sec. 1141, R. S., was deposited in the office of the county clerk. The circuit court, after finding these facts, among others, con-cluded that the tax certificates were thereby void, and that the plaintiff was entitled to recover the amount paid by her for the certificates, with interest; and from judgment in accordance with the findings the defendant has appealed.

*Levi J. Billings,* attorney, and *Joshua Stark,* of counsel, for the appellant.

*Harriet H. Pier,* for the respondent.

WINSLOW, J. There can be no doubt but that the tax certificates which the plaintiff held were invalid on account of the irregularities in the tax-sale proceedings which are set forth in the statement of facts. *Ward v. Walters,* 63 Wis. 39, and cases cited. The tax certificates being invalid, it was the duty of the county board, under the statute, to order the repayment of the amount paid for them by the plaintiff, when she surrendered them for cancellation. R. S. sec. 1184; *Norton v. Rock Co.* 13 Wis. 611. The plaintiff's claim was clearly a cause of action upon which the only relief demandable was a judgment for money. Hence, it was a claim which must first be presented to the county board for allowance, as was done by the plaintiff in the present case. R. S. sec. 676; *Wright v. Merrimack,* 52 Wis. 466. Being a claim which must be presented to the county board, and the board having disallowed it, the plaintiff's only remedy was by appeal from the disallowance. R. S. secs. 682, 683.

It is argued that the word "invalid," as used in sec. 1184, R. S., should be construed as meaning a tax sale which is void for reasons affecting the groundwork of the tax, and not a case where there are merely irregularities in the sale.

In support of this contention it is truly said that, in cases of mere irregularity like the present, the holder of the certificate is amply protected from all loss, and that the original landowner can only defeat the tax title upon payment of the money which it cost with a high rate of interest. From this fact it is argued that the holder of the certificate ought not to recover anything of the county, because he will, in any event, get his money back. The contention cannot prevail. The reason of the refunding of the money by the county is that the holder of the certificate contracts for a good title to land, and when it is shown that this has failed he is entitled to have his money refunded. He has not received what he contracted for. The provision for the return by the county of moneys paid upon invalid tax sales, which now appears as sec. 1184, R. S., first appeared as secs. 110, 111, ch. 15, R. S. 1849, and reappeared as secs. 26, 27, ch. 22, Laws of 1859. This last-named chapter also contained ample provisions requiring the original owner, as a condition of relief from a tax sale which was invalid on account of mere irregularities, to deposit for the use of the tax-title claimant the amount paid by him with interest. Sec. 38 of said ch. 22. These provisions have existed side by side ever since that time, with changes not affecting their substantial character, and during that time the right of recovery against the county in cases like the present has been more than once upheld; and in one case (*Barden v. Columbia Co.* 33 Wis. 445) the very argument here made by the appellant was strongly urged and overruled.

*By the Court.*— Judgment affirmed.