Pier vs. Oneida County.

---

PIER, Respondent, vs. ONEIDA COUNTY, Appellant.

*February 3 — February 21, 1899.*

*Statutes: Amendment and repeal: Invalid tax certificates: Refund: Division of county: Severance of claims on certificates and deeds.*

1. Rightful claims for refund upon invalid tax certificates under sec. 1184, R. S. 1878, upon which suit had been brought prior to the enactment of ch. 215, Laws of 1897, were not defeated by the latter act, although the invalidity was by reason of irregularities not affecting the groundwork of the taxes.

Pier vs. Oneida County.

2. The fact that lands covered by invalid tax certificates had, prior to the application for a refund, passed out of the limits and jurisdiction of the county which issued such certificates, does not release such county from the obligation to make the refund.

3. The holder of invalid tax certificates held, also, tax deeds on the same lands based on prior sales. Such deeds were invalid and were surrendered for cancellation. All the claims for refund on such certificates and deeds were brought to the circuit court at the same time by appeal from the county board, but, by the consolidation of various different claims pursuant to stipulation of the parties and order of the court, the claim upon the certificates in question became separated from the claim on the deeds on the same land. *Held*, that such severance should not, under the circumstances, defeat a recovery upon the certificates.

APPEAL from a judgment of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

Plaintiff, in May, 1895, duly surrendered, for refund, tax certificates upon sales for taxes for the years 1889 to 1892, on certain lands in *Oneida* county, which certificates were invalid for various reasons not affecting the groundwork of the taxes. Her claims being disallowed, she appealed to the circuit court. She also had sundry other claims upon invalid tax deeds and certificates, which were presented to, and disallowed by, the county board, and appealed to the circuit court at the same time with those involved in this action, amongst others being claims upon two tax deeds, one issued in 1892 upon the sale of the year 1889, and the other issued in September, 1893, based upon tax sale of 1890, which deeds covered some of the same lands included in the certificates involved in this action. The court found that both of said deeds were invalid. The lands here involved are within the territory which, by ch. 150, Laws of 1893, taking effect April 15, 1893, was included in the county of Vilas. The circuit court rendered judgment for the plaintiff for the refund of the various taxes covered by the certificates involved, from which judgment the defendant appeals.

*Sam S. Miller*, for the appellant.

*Harriet H. Pier*, for the respondent.

DODGE, J. The defendant concedes the invalidity of all these certificates, and the presentation and disallowance of the claims thereon by the county board, but objects to the judgment on three grounds: First, that by ch. 215, Laws of 1897, sec. 1184, R. S. 1878, authorizing the refunding of money paid upon invalid tax certificates, was so limited as to exclude this cause of action, the invalidity in these certificates being by reason of mistake or irregularity not affecting the groundwork of the tax; second, that the lands involved were in the county of Vilas, so that the county of *Oneida* could not reach them to reassess these taxes thereon at the time plaintiff's claims were presented; and, third, for the reason that it appeared that plaintiff held tax deeds to certain of the lands covered by these certificates, so that the purchase of the certificates ought to be deemed merely a payment of the tax, and refundable only in case of a surrender and cancellation of the deeds, and in connection therewith, as subsequent taxes.

1. Ch. 215, Laws of 1897, cannot be held to exclude any rightful claims for refund upon invalid certificates existing at the time of its passage. Its language is entirely consistent with only a prospective effect, and it cannot be construed to be retroactive, in the absence of clear and express provision. *Boorman v. Juneau Co.* 76 Wis. 550, 554. Especially, in view of the provisions of sec. 4974, it cannot be held that the act of 1897 could be effective to repeal sec. 1184, as to the liability of the county theretofore existing, and upon which suit had already been brought before the enactment of the repeal.

2. The fact that the lands covered by the certificates in question had, prior to the application for a refund, passed out of the limits and jurisdiction of *Oneida* county, cannot defeat the plaintiff's right to recover. It was to *Oneida* county that the money had been paid; it was *Oneida* county which had contracted to make the plaintiff a good tax title, from the breach of which contract the duty to refund results (*Pier v.*

Pier vs. Oneida County.

*Oneida Co.* 93 Wis. 463); and it is clearly the county board of the same county which issued the certificates which, by sec. 1184, is authorized and required to cancel the same and refund the money. Whether or not that county board has been prevented from exercising the power of reassessment, under sec. 1186, by a transference of the lands from its jurisdiction, is a question which cannot concern the plaintiff.

3. The contention of the defendant that, because the plaintiff holds tax deeds based on taxes prior to those for which she holds some of the certificates, her purchase of the certificates should be deemed to be a payment of the taxes, is met by the fact, found in this case, that those deeds are invalid and have been surrendered for cancellation, so that the plaintiff is entitled to refund, not only of the taxes on which said deeds were issued, but all subsequent taxes. Doubtless, as defendant contends, the regular and proper proceeding contemplated by sec. 1184 is that where a deed, held by a party who has paid subsequent taxes, is canceled, the entire amount of the refund on that property should be ascertained and paid upon the surrender of the tax deed; but in this case all of these claims were brought to the circuit court at the same time, and various different claims were consolidated by stipulation of the parties and order of the court, whereby, apparently, the claim upon the certificates here involved became separated from the claim upon the deeds to the same land. All of said cases being before the same court, this method of consolidation having been by stipulation, and there being no exception thereto, the plaintiff should not thereby be prevented from recovering all to which she is entitled. No possible injury can result to the defendant from the recovery by the plaintiff upon these certificates in this action and upon the deeds in another. Our holding upon this question should not be understood as generally authorizing a severance between the deed and subsequent certificates upon the same property in claims for refund, but is applied only to

the peculiar and unusual situation here, where the separation has been made by the consent of both parties and the court, for convenience in trial and consideration of certain questions presented.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.