LAMOREUX, Respondent, vs. BAYFIELD COUNTY, Appellant.

*April 20—May 11, 1909.*

*Action to annul tax: Tax certificates: Purchase* pendente lite: *Notice:* Lis pendens: *Void tax certificates: Purchase by landowner: Recovery of money paid.*

1. After action brought to set aside a tax levy, a purchaser of tax-sale certificates *pendente lite* is bound by the judgment rendered therein even though no notice of *lis pendens* was filed.
2. A judgment annulling a tax necessarily destroys any tax certificate issued by virtue of such tax and defeats any deed issued on such certificate.
3. Where the tax, assessment on which it was based, and tax certificates issued thereon have been adjudged void, such tax certificates are destroyed for all purposes except as evidence of indebtedness of the county to the holder, and hence the owner of lands on which such certificates have been issued may buy them on an equal footing with a stranger to the title, and with the same right, under sec. 1184, Stats. (1898), to collect their face and interest from the county.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought to recover the amount for which alleged illegal tax certificates were sold by the county treasurer of the defendant county, with interest thereon at seven

per cent. from the date of sale, and resulted in a judgment for plaintiff.

Prior to December 15, 1902, the lands described in the certificates involved in this action were owned by the Shores Lumber Company. On said date said company sold said lands under a land contract to Jacob Ryerson and E. M. Paulson, who assumed and agreed to pay the taxes assessed against said lands after said purchase. Thereafter the Shores Lumber Company conveyed the lands in question to the plaintiff in this action, subject to said land contract. Such land contract was foreclosed by plaintiff, and he became the sole owner of the lands by virtue of the foreclosure proceedings prior to September 14, 1906. The taxes for the year 1905 were not paid, and on May 14, 1906, and prior to the date of the annual tax sale for that year, the vendees in the land contract commenced an action to set aside the 1905 taxes on the lands involved. Such action was thereafter tried and an interlocutory judgment was rendered therein on October 16, 1906. The court adjudged the assessment void and set aside the assessment, the tax levied in pursuance thereof, and the tax proceedings and tax certificates issued upon the land involved (the same having been sold at the annual tax sale held in *Bayfield* county in May, 1906), and the tax proceedings were stayed until a reassessment of the property could be made pursuant to law, which reassessment was ordered by the court. The certificates were purchased by strangers to the title and were bought for speculative purposes. After the judgment in the action to set aside the taxes was entered and the order for reassessment of the property was made, the plaintiff purchased the tax certificates issued on the 1906 sale and became the owner thereof. The plaintiff, as such owner, filed a claim against *Bayfield* county for the amount of such certificates, with interest at seven per cent. from the date of purchase, pursuant to sec. 1184, Stats. (1908). The county board disallowed the claim upon the ground that the purchase of the tax certificates by the land-

owner constituted a voluntary payment of the tax, on account
of which no right of action existed against the county. On
appeal the circuit court reversed the decision of the county
board and awarded judgment in plaintiff's favor for the
amount of his claim. The defendant appeals from such judg-
ment. The assignments of error raise the single question
whether the court was wrong in holding that the purchase of
the tax certificates by the plaintiff did not constitute a pay-
ment of the tax.

*E. C. Alvord,* for the appellant.

For the respondent there was a brief by *Sanborn, Lamo-
reux & Pray,* and oral argument by *F. B. Lamoreux.*

BARNES, J. The action brought to set aside the 1905 tax
levy was commenced before the date fixed by law for the hold-
ing of the annual tax sale in May, 1906. The purchasers of
the tax-sale certificates *pendente lite* were therefore bound by
the judgment in the action, even though no notice of *lis pen-
dens* was filed. *Brown v. Cohn,* 95 Wis. 90, 69 N. W. 71;
*Bell v. Peterson,* 105 Wis. 607, 613, 81 N. W. 279. A judg-
ment annulling a tax necessarily destroys any tax certificate
issued by virtue of such tax and defeats any deed issued on
such certificate. *T. B. Scott L. Co. v. Oneida Co.* 72 Wis.
158, 160, 39 N. W. 343; *Hixon v. Oneida Co.* 82 Wis. 515,
530, 52 N. W. 445.

It was stipulated in this action that the 1905 tax, on ac-
count of which the tax certificates in suit were issued, was set
aside in the suit brought for that purpose, and that the as-
sessment upon which the tax was based and the tax certifi-
cates in question were likewise set aside, and that a reassess-
ment of the lands described therein was ordered presumably
under the provisions of sec. 1210*b,* Stats. (1898). It does
not appear that any proceeding was either taken or contem-
plated to review such judicial determination, although an ap-
peal might be taken therefrom. *Johnston v. Oshkosh,* 65 Wis.
473, 27 N. W. 320. The record is silent as to whether a

reassessment was in fact made. There is nothing before us to impeach the verity or conclusiveness of the interlocutory decree of the court, and under the facts presented it must be held that it has wiped out the assessment upon which the tax certificates are based, as well as the tax itself, and has destroyed the certificates for all practical purposes in so far as they relate or pertain to the tax. The certificates as well as the tax and the assessment upon which they were based having been declared void, the liability of the county to refund the amount of the face thereof, with interest at seven per cent., became fixed by sec. 1184, Stats. (1898). *Pier v. Oneida Co.* 93 Wis. 463, 67 N. W. 702; *Norton v. Rock Co.* 13 Wis. 611, and cases cited in headnote.

It is contended by the appellant that the purchase of the tax certificates by the landowner was in substance and in fact a voluntary payment of the tax represented in the certificates, and that therefore no recovery can be had under the decisions of this court in *Babcock v. Fond du Lac,* 58 Wis. 230, 16 N. W. 625; *Parcher v. Marathon Co.* 52 Wis. 388, 9 N. W. 23; *Smith v. Lewis,* 20 Wis. 350, and kindred cases. At the time such purchase was made, the tax, the assessment on which it was based, and the tax certificates had been adjudged void. The certificates had no force or vitality as tax certificates. They had been destroyed for all purposes except one. They were evidences of indebtedness of the county to the holder thereof, which, taken in connection with the decree declaring them a nullity, established the right of such holder to reimbursement from the county. We think they were mere choses in action which the plaintiff might buy on an equal footing with any one else and with the same right of enforcement that his assignor would have, and that the decisions relied on by appellant have no application to the purchase of tax certificates by the landowner under such circumstances as surround the purchase here.

*By the Court.*—Judgment affirmed.