BORGMAN, Appellant, vs. LANGLADE COUNTY, Respondent.

*April 6—April 24, 1917.*

*Taxation: Valuation of land by board of review: Evidence: Tax sale:
Invalidity: Erroneous description: Refund of amount paid: Re-
assessment: Validity of tax levy: Payment by city of tax on
private property: Omission of taxable property: Appeal from
county board: Costs.*

1. Evidence, including a photographic reproduction of the assess-
   ment roll, is *held* to sustain a finding by the trial court that the
   board of review, after a hearing, had fixed the valuation of
   plaintiff's land, exclusive of buildings, at $14,870, and not at
   $12,870 as claimed by him.

2. An erroneous description of land in the assessment and tax rolls
   and also in the tax certificate issued upon a sale for nonpay-
   ment of the tax was a mistake affecting the groundwork of the
   tax, and the county board was authorized, under sec. 1184, Stats.,
   to refund to the purchaser the amount paid by him at such tax
   sale, and to reassess the tax under sec. 1186.

3. The fact that the county board in such a case refused to refund
   until ordered to do so by the circuit court did not affect its
   authority or duty to do so.

4. Where the taxing officers of a city properly assessed certain prop-
   erty, and a tax was levied against it and the proper officers di-
   rected to collect the tax, the fact that the city council adopted a
   resolution exempting that property and that the city treasurer
   was directed to and did pay the tax thereon for that year did
   not invalidate the whole tax levy.

[5. Whether an intentional omission of any piece of taxable property
   will in all cases render the whole tax levy invalid, is not de-
   cided.]

6. An appeal from the refusal of a county board to refund a tax paid
   under protest being in the nature of an equitable action, costs
   therein may, under sec. 685 and sub. (7), sec. 2918, Stats., in the
   discretion of the court be awarded against the plaintiff even
   though he recovers a small overcharge.

APPEAL from a judgment of the circuit court for Langlade
county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

In 1908 plaintiff was the owner of several lots in the city
of Antigo on which there was a bank building and several
other buildings. The assessor incorrectly described the

property, and such incorrect description was carried on the tax roll and incorporated in the tax certificate upon the sale of the property for failure of the plaintiff to pay his taxes. Such incorrect description consisted in describing parts of the lots twice; in omitting a part of them, including part of the bank building; and in including a small piece of land owned by another party. The owner of the tax certificate made application to the county board to cancel the same and refund the money. The application was denied and he appealed to the circuit court. It canceled the certificate and directed the county board to refund, which the board did, and at the same time it reassessed the original tax of $886.94 on plaintiff's lots correctly described, with ten per cent. penalty as provided for in sec. 1186, Stats. 1915. The last tax was returned delinquent, but was paid by the plaintiff under protest. He applied to the county board for a refund of the same, and from its denial of his application he appealed to the circuit court. That court held the reassessed tax valid, with the exception of an error in the computation of interest amounting to $4.45, for which sum plaintiff was given credit on the judgment for costs against him. From a judgment dismissing the appeal with costs plaintiff appealed.

For the appellant there was a brief by *Goodrick & Goodrick* of Antigo, and oral argument by *A. B. Goodrick.*

For the respondent there was a brief by *Finucane & Avery,* of counsel, and oral argument by *C. H. Avery* and *C. J. Te Selle,* all of Antigo.

Vinje, J. The evidence shows that the plaintiff appeared before the board of review and that testimony was taken as to the value of plaintiff's land. No question is made but that all parties there present had the correct description of plaintiff's property in mind and that none were in any way misled by the erroneous description on the tax roll. It also

appears that the value of the improvements as shown by the assessment roll was reduced from $28,670 to $17,500, and it is claimed by the defendant and denied by plaintiff that the value of the land was increased from $12,870 to $14,870. The total footing in ink in the proper place is $32,370, which if correct shows the land was valued at $14,870 and not at $12,870. Above the total footing in ink is a pencil footing of $30,370, which the evidence tends to show was made by the city clerk. We are favored with a photographic reproduction of the roll as it left the board of review, and from an inspection of it we cannot say that the trial court erred in reading the second figure of the land value a 4 instead of a 2, especially when taken in connection with the ink footing in the proper place. The result is that plaintiff's property was reassessed upon its proper value and for the true amount, barring the mistake of $4.45 in interest.

Under the rule announced in *Roberts v. Waukesha Co.* 140 Wis. 593, 123 N. W. 135, the error in the description, having ripened into a tax certificate containing the same mistake, was a defect that went to the groundwork of the tax and authorized the county board to refund under the provisions of sec. 1184 as it now stands. The amendment thereto made by ch. 215, Laws 1897, limits refunds to defects going to the groundwork of the tax and changed the rule announced in *Pier v. Oneida Co.* 93 Wis. 463, 67 N. W. 702. The fact that the county board refused to refund until ordered to do so by the circuit court did not affect its authority or duty to do so. The circuit court only directed the county board to do that which the board should have done of its own motion. It follows that the county board properly reassessed plaintiff's property under the provisions of sec. 1186, Stats. 1915.

It is claimed that the tax levy in the city of Antigo for the year 1908 is void because the city council in July, 1908, adopted a resolution exempting the property of the Frost Veneer & Seating Company, a taxpayer of the city, from its

taxes for a period of five years upon certain conditions, and that in February, 1909, it directed the city treasurer to draw an order upon the city treasury for the payment of the Frost Veneer & Seating Company's taxes for 1908, which was done. This action, it is claimed, is equivalent to an intentional omitting of taxable property by the taxing officers and avoids the whole tax levy. We cannot so regard it. The tax officers properly assessed the Frost Veneer & Seating Company's property, and a tax was levied against it and the proper officers directed to collect the tax. The fact that the municipality stepped in and paid the tax cannot affect the validity of the tax proceedings, which were in every respect regular. If the city had no authority to pay the tax any taxpayer thereof could compel its refund to the city treasury and the lands of the Frost Veneer & Seating Company would stand charged with the taxes levied. Nothing herein said is to be deemed to commit the court to the rule that an intentional omission of any piece of taxable property will in all cases render the whole tax levy invalid.

The action before the circuit court being an equitable one, it was within the discretion of the court to award judgment with costs against the plaintiff notwithstanding he recovered the overcharge of $4.45. Sec. 685, Stats. 1915, providing for costs upon appeals from the action of the county board, says that the allowance thereof shall be "subject to the limitations and provisions of these statutes defining liability for costs;" and sub. (7), sec. 2918, Stats. 1915, provides that "in all equitable actions and special proceedings costs may be allowed or not to any party, in whole or in part, in the discretion of the court."

*By the Court.*—Judgment affirmed.